UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>BRADLEY A. CAUDLE,<br><br>   Defendant. | Case No. 19-cr-40034-JPG-2 |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Bradley A. Caudle's *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 146). The Government has responded (Doc. 155), and the defendant has replied to that response (Doc. 156).

**I.      Compassionate Release**

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction. . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction. *United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise, the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov. 1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2) (2023).[2] The policy statement further defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

2

for this case:

> **(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> **(6) Unusually Long Sentence.**—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b) (2023).

The guideline further states that non-retroactive changes in the law may not be considered in determining whether an extraordinary and compelling reason exists, but they may be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist.  U.S.S.G. § 1B1.13(c) (2023).  The guideline also provides that the rehabilitation of the defendant cannot, by itself, be an extraordinary and compelling reason, but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction.  U.S.S.G. § 1B1.13(d) (2023).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction.  18 U.S.C. § 3582(c)(1)(A).  The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden.  *United States v. Newton*,

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180.  The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13 (2023).

**II.    Analysis**

   A.    Background

In November 2019, Caudle pled guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine ice.  At his sentencing in March 2020, the Court found that his relevant conduct was at least 853.91 grams of methamphetamine ice, which under U.S.S.G. § 2D1.1[4] yielded a base offense level of 34.  His offense level was decreased by 3 points under U.S.S.G. § 3E1.1 for acceptance of responsibility, yielding a total offense level of 31.  Considering Caudle's criminal history category of VI,[5] this yielded a guideline sentencing range of 188 to 235 months.  The Court imposed a sentence of 188 months.  Caudle did not appeal his sentence.  His projected release date is August 26, 2033.  *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Sept. 19, 2024).

In June 2024, Caudle asked the warden of his institution, the Federal Correctional Institute at Greenville, Illinois ("FCI-Greenville"), to file a motion for compassionate release on his behalf (Doc. 146 at 11-12).  In support of the request, he cited his rehabilitation efforts.  More than 30 days later, he filed the motion now before the Court.

Now, Caudle asks the Court to grant relief on the grounds that it erred in sentencing Caudle based on methamphetamine ice guidelines where there was insufficient proof that the methamphetamine he conspired to sell was at least 80% pure, as required by U.S.S.G.

---

[4] Unless otherwise noted, the references to the guidelines in this order are to the 2018 United States Sentencing Guidelines Manual.
[5] It appears that, pursuant to 18 U.S.C. § 3582(c)(2), Part A of U.S.S.G. Amendment 821 would lower Caudle's criminal history point total from 16 to 15.  Nevertheless, he would remain in criminal history category VI.  *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A.

§ 2D1.1(c), n.C, to qualify as ice. He points out that he would have had a lower guideline range if the Court had used the base offense level associated with the amount of a mixture and substance containing methamphetamine to which he admitted in the stipulation of facts at his plea hearing. He bases his argument on *United States v. Carnell*, 972 F.3d 932 (7th Cir. 2020), and other similar cases on direct appeal. He also points to his completion of numerous prison programs, his earning of sentencing credits, and his recidivism (medium) and violence (low) scores as assessed by the BOP.

In response, the Government notes that Caudle's request to the warden did not specify any recognized basis for relief. It further points out that Caudle's invocation of *Carnell*, which requires proof by a preponderance of the evidence of the purity of methamphetamine before it can be categorized as ice, is essentially a request for retroactive application of a change in sentencing law. It argues that nonretroactive changes in the law cannot constitute extraordinary and compelling reasons for release. Nor can a defendant's rehabilitation. Finally, the Government argues that the § 3553(a) factors weigh against releasing Caudle, who still poses a danger to the community and who has only served about a third of his sentence.

    B.    <u>Exhaustion of Administrative Remedies</u>

Although it articulates some shortcomings in the defendant's efforts to exhaust his administrative remedies, the Government has not invoked exhaustion of remedies as a defense so has waived that argument.

    C.    <u>Extraordinary and Compelling Reasons</u>

Caudle invokes *United States v. Carnell*, 972 F.3d 932 (7th Cir. 2020), as an extraordinary and compelling reason for release. *Carnell* held that the Government could not rely on testimony from those who are familiar with the drug about whether methamphetamine

5

qualified as ice (at least 80% pure) or was simply a mixture and substance containing methamphetamine, (say, 79% pure) which the guidelines punish less severely. *Id.* at 941-42. As noted above, Caudle was sentenced for ice, but the Government did not provide reliable lab tests of the purity of the methamphetamine he conspired to distribute to show that it was ice.

*Carnell* does not give rise to an extraordinary or compelling reason for release. "Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction." *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) (discussing *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020)). To hold otherwise would allow an alternative to a direct appeal or collateral attack. *Id.*

So if *Carnell* is a change in the law, it cannot amount to an extraordinary and compelling reason. U.S.S.G. § 1B1.13(c) (2023); *United States v. Thacker*, 4 F.4th 569, 574, 576 (7th Cir. 2021), *cert denied*, 142 S. Ct. 1363 (2022). If, on the other hand, *Carnell* merely acknowledges a new understanding of the law as it has always been, the Court simply committed legal error in Caudle's sentencing. "There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 1784 (2023); *accord United States v. Williams*, 62 F.4th 391, 392 (7th Cir. 2023). Indeed, a defendant cannot raise an issue in a motion for compassionate release that he could have raised on direct appeal. *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). And nothing prevented Caudle from arguing at the trial level or on direct appeal that the existence of ice had not been sufficiently established.

6

If Caudle is trying to argue that the rule recognized in *Carnell* results in an "unusually long sentence" under U.S.S.G. § 1B1.13(b)(6), he is wrong. That provision requires a defendant to have served at least 10 years of his sentence before his sentence can be considered unusually long, which Caudle has not yet done.

To the extent Caudle relies on his rehabilitation as an extraordinary and compelling reason for release, the Court rejects the argument. "[R]ehabilitation 'cannot serve as a stand-alone reason' for compassionate release." *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) (citing *United States v. Hunter*, 12 F.4th 555, 563 (6th Cir. 2021), *cert. denied*, 142 S. Ct 2771 (2022)). Congress expressly instructed the U.S. Sentencing Commission not to include rehabilitation alone in its description of extraordinary and compelling reasons. 28 U.S.C. § 994(t). And the Sentencing Commission acted accordingly. *See* U.S.S.G. § 1B1.13(d) (2023) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

In sum, neither *Carnell* nor Caudle's rehabilitation, either separately or in combination, constitute an extraordinary and compelling reason for release under 18 U.S.C.§ 3582(c)(1)(A). It is true that, were there an independent extraordinary and compelling reason, the Court could consider changes in the law and rehabilitation in determining an appropriate reduction. U.S.S.G. § 1B1.13(c), (d) (2023); *King*, 40 F.4th at 596; *Thacker*, 4 F.4th at 575; *United States v. Black*, 999 F.3d 1071, 1075-76 (7th Cir. 2021). But Caudle has not established any independent extraordinary and compelling reason for release.

D.     § 3553(a) Factors

Even if there were an extraordinary and compelling reason for relief, the Court would deny release based on the § 3553(a) factors. The Court's analysis of those factors at the

7

sentencing hearing continues to apply now. Caudle has only served about a third of his more than 15-year sentence, and although it appears he has behaved well and accomplished many things in prison, the Court selected a 188-month sentence for good reason. Caudle's crime was serious, and he had a substantial criminal history. Nothing Caudle says now would cause the Court to rethink that decision. Releasing him now, with about two-thirds of his sentence remaining, would undermine the gravity of his offense and would not promote respect for the law.

### III.   Conclusion

For all of these reasons, the Court **DENIES** the defendant's motion for a § 3582(c)(1)(A) sentence reduction (Doc. 146).

**IT IS SO ORDERED.**
**DATED:  September 24, 2024**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**